| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>Court Address:<br>1437 Bannock Street, Room 256<br>Denver, CO  80202 | DATE FILED: August 2, 2018 4:51 PM<br>FILING ID: 3A590284EB72A<br>CASE NUMBER: 2018CV32883 |
| Plaintiff:    EVELYN MILLER<br><br>v.<br><br>Defendant: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff<br>Patric J. LeHouillier, #7984<br>Franklin D. Azar & Associates, P.C.<br>5536 Library Lane<br>Colorado Springs, CO 80918<br>Phone Number:  (719)527-8000<br>Fax Number:     (719) 550-3926<br>E-Mail:  lehouillierp@fdazar.com | Case Number:<br><br>Division: |
| **COMPLAINT** | |

Comes now the Plaintiff, Evelyn Miller, by and through her attorneys, Franklin D. Azar & Associates P.C., and submits the following for her Complaint:

## I. JURISDICTION AND VENUE

1. Plaintiff resides at 4670 Anille Way, #281, Colorado Springs, Colorado 80917.

2. Defendant State Farm Mutual Automobile Insurance Company is an Illinois corporation.  It is licensed to do business in the state of Colorado.  Its registered agent is located at Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado  80120.

3. This is a claim for breach of contract and ancillary bad faith and statutory bad faith.  The contract which was breached is an automobile insurance contract.  The predicate car crash occurred in the city and county of Denver.

4. This Court has jurisdiction and venue is appropriate since the Defendant has a presence in the city and county of Denver.



EXHIBIT A

## II. GENERAL ALLEGATIONS

5.  Plaintiff was injured in a car crash which occurred on December 12, 2016 on Interstate 25 near the 6th Avenue exit in the county of Denver.

6.  The collision was caused by the negligence of Hiep Nguyen. The Nguyen vehicle rear-ended the car in front of it and that car, in turn, rear-ended a vehicle driven by Steven Wilson in which Plaintiff was riding as a passenger.

7.  Plaintiff was severely injured as a result of the collision. Although she had other lesser injuries, the major injuries were to her neck and low back.

8.  As a result of her accident-related injuries, the Plaintiff sustained damages and losses including: medical expenses in excess of $53,000.00, non-economic damages including pain and suffering and loss of enjoyment of life and permanent impairment. To some extent, at least, Plaintiff's damages and losses will continue throughout the balance of her life.

9.  At the time of the collision, Hiep Nguyen was insured by an automobile insurance policy with AAA Insurance. That policy included bodily injury liability coverage in the amount of $25,000.00 per person, $50,000.00 per occurrence.

10. At the time of the collision, the Wilson vehicle in which Plaintiff was riding as a passenger was insured by an automobile insurance policy with State Farm Mutual Automobile Insurance Company which policy included underinsured motorist coverage in the amount of $100,000.00 per person.

11. In November of 2017, AAA Insurance offered Plaintiff the bodily injury per person policy limits of $25,000.00 in order to settle her claim against its insured.

12. At that time, Plaintiff sought permission from State Farm to settle the Nguyen claim for the $25,000.00 policy limit.

13. Plaintiff pursued a claim against State Farm for underinsured motorist coverage benefits pursuant to the Wilson policy.

14. Although the Plaintiff's medical expenses alone are almost $54,000.00, State Farm only offered $9,599.43 to settle Ms. Miller's claim for UIM benefits. (A copy of State Farm's letter is attached as **Exhibit A**).

### III. FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

15. Plaintiff reiterates as though restated in full, those allegations set forth in paragraphs 1 through 14 of this Complaint.

16. Defendant State Farm has breached its insurance policy contract to Plaintiff.

17. Moreover, Defendant State Farm has failed to adhere to its statutory obligations as construed in *Fisher v. State Farm*, 13CA2361; State Farm has not paid undisputed medical expenses Ms. Miller.

18. Plaintiff has incurred injuries, damages and losses as a consequence of the Defendant's breach of its contractual obligation to her.

### IV. SECOND CLAIM FOR RELIEF
### STATUTORY BAD FAITH CLAIM UNDER § 10-3-1115 AND 10-3-1116 AGAINST DEFENDANT STATE FARM MUTUAL INSURANCE COMPANY

19. Plaintiff reiterates as though restated in full, those allegations set forth in paragraphs 1 through 18 of this Complaint.

20. Defendant State Farm has denied and/or delayed payment of benefits to Plaintiff Miller without a reasonable basis for doing so.

21. Defendant State Farm's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to her and which Defendant State Farm should have previously paid to Plaintiff.

22. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover twice the covered benefits under the policy, plus reasonable attorney's fees and court costs from Defendant State Farm.

23. Defendant State Farm's actions and omissions have been perpetrated with wanton and willful disregard for Plaintiff's rights and well-being, thereby entitling Plaintiff to an award of punitive and exemplary damages in an amount to be determined by a jury.

## V. THIRD CLAIM FOR RELIEF
## COMMON LAW INSURANCE BAD FAITH AGAINST DEFENDANT STATE FARM MUTUAL INSURANCE COMPANY

24. Plaintiff reiterates as though restated in full, those allegations set forth in paragraphs 1 through 23 of this Complaint.

25. Defendant State Farm owed Plaintiff a duty to act in good faith in reviewing, adjusting, and settling his claims.

26. Defendant State Farm breached its duties to its insured, and acted in bad faith, through its conduct as described above. Specific instances of Defendant State Farm's bad faith include, but are not limited to, the following actions and omissions:

   a. Compelling Plaintiff to institute litigation to recover benefits owed under the underinsured motorist bodily injury benefits afforded to her by the insurance policy;
   b. Favoring the interests of Defendant State Far,, an insurer, over those of Plaintiff, the insured, to whom State Farm owes fiduciary and statutory duties;
   c. Refusing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an underinsured motorist;
   d. Incompetently evaluating Plaintiff's claims.

27. Defendant State Farm's actions have been unreasonable.

28. Defendant State Farm knew its conduct was unreasonable, and/or disregarded the fact that its conduct was unreasonable.

29. Defendant State Farm's breaches of its duties to Plaintiff, its insured, have caused her to suffer damages including, but not limited to, the following:

   e. Being forced to incur additional costs in litigation;

      f. Enduring emotional trauma of being unnecessarily involved in a lawsuit with State Farm;

      g. Being deprived of the use of funds owed to Plaintiff which should have been paid by now, and her credit impaired by debt collection.

30. Defendant State Farm's actions and omissions have been perpetrated with wanton and willful disregard for Plaintiff's rights and well-being, thereby entitling Plaintiff to an award of punitive and exemplary damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant and in her favor for all damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, attorney's fees, statutory treble damages, punitive and exemplary damages, and for such other and further relief as this Court deems proper.

Respectfully submitted this 2nd day of August, 2018.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
*Pursuant to C.R.C.P. 121 § 1-29(9), original is duly signed and on file at the office of Franklin D. Azar & Associates, P.C., and will be made available for inspection by other parties of the Court upon request.*

*s/Patric J. LeHouillier*
Patric J. LeHouillier, #7984
ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
**4670 Anille Way, #281**
**Colorado Springs, CO  80917**